**SHARP LAW CENTER**
A. J. Sharp, Esq. (Bar No. 254857)
11700 West Charleston Boulevard
Suite 234
Las Vegas, NV 89135
Telephone: (702) 250-9111
E-mail: ajsharp@sharplawcenter.com

*Attorney for Plaintiff Timothy Tietjen, an individual*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY TIETJEN; individually<br><br>Plaintiff,<br><br>vs.<br><br>JAMES RIVER GROUP HOLDINGS, LTD. dba JAMES RIVER INSURANCE, and DOES I through X, inclusive,<br><br>Defendants. | Case No. _____<br><br>COMPLAINT |

PLAINTIFF TIMOTHY TIETJEN, by and through his undersigned counsel, A. J. SHARP, ESQ. of SHARP LAW CENTER, hereby complains and alleges as follows:

1.    At all times relevant hereto, Plaintiff TIMOTHY TIETJEN, was and is a resident of the State of California.

2.    Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, Defendant JAMES RIVER INSURANCE was and is a corporation or other business entity doing business as an insurance company in Los Angeles County, California.

3.    All the facts and circumstances that give rise to the subject lawsuit occurred in Los Angeles County, California.

4.    The true names of DOES I through X, their citizenship and capacities, whether individual, corporate associate, partnership or otherwise, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and therefore alleges,

that each of the Defendants, designated as DOES I through X, are or may be, legally responsible for the events referred to in this action, and caused damages to the Plaintiff, as herein alleged, and Plaintiff will ask leave of this Court to amend the Complaint to insert the true names and capacities of such Defendants, when the same have been ascertained, and to join them in this action, together with the proper charges and allegations.

5.      Plaintiff is further informed and believes, and on that basis alleges, that certain witnesses are known to Plaintiff as witnesses.  However, Plaintiff does not yet know whether or not particular witnesses have culpability in this matter at this time. Therefore, once Plaintiff has determined the true culpability of one or more of the DOE Defendants, Plaintiff will amend Plaintiff's complaint to set forth facts and claims alleging the actual culpability and to substitute such witnesses for DOE Defendants.

## **FACTUAL ALLEGATIONS**

6.      On September 14, 2018, Plaintiff was operating his vehicle working as an Uber driver with a fare in his vehicle in Los Angeles, California.

7.      On September 14, 2018, Plaintiff was involved in a motor vehicle collision with non-party Nicole Harper, who was operating a vehicle that ran a red light and struck Plaintiff's vehicle.

8.      As a result of the collision, Plaintiff was injured and suffered damages including special damages and general damages in excess of $75,000, subject to proof.

9.      At the time of the collision, non-party Nicole Harper was uninsured for the damages Plaintiff incurred in the collision.

10.     Based on the nature, extent, and value of damages for which Plaintiff is legally entitled to recover from non-party Nichole Harper because of this collision, non-party Nichole Harper is deemed and considered to be an uninsured motorist, with insufficient liability coverage.

11.     At the time of the collision, Plaintiff had a contract of insurance with non-party GEICO that included benefits for uninsured motorist (UM) claims.

//

//

//

COMPLAINT FOR DAMAGES                                           Case No. _____

12. On or about January 22, 2019, Plaintiff submitted a UM demand to non-party GEICO for that included documentation of special damages for $114,970.90 because of injuries and damages caused by the collision. Along with special damages, the UM demand included a claim for compensation for general damages. The UM demand to non-party GEICO was for the policy limit of $50,000.

13. On January 28, 2019, non-party GEICO tendered the available policy limit of $50,000 for benefits under the UM contract.

14. Plaintiff was at all relevant times also covered under a policy of automobile insurance with Uber issued by Defendant JAMES RIVER INSURANCE COMPANY ("Defendant"), identified with claim number 90254106 ("Plaintiff's Policy").

15. Plaintiff's Policy contained a provision for uninsured/underinsured motorist coverage for bodily injury in the amount of $1,000,000 (one million dollars).

16. On or about March 18, 2019, Plaintiff submitted a UM demand to Defendant that included documentation of special damages for $114,970.90 because of injuries and damages caused by the subject collision. Along with special damages, the UM demand included a claim for compensation for general damages. The demand to Defendant was for a payment of the UM policy limit.

17. On May 6, 2019, Victoria Fitzgerald, an adjuster for Defendant, called counsel for Plaintiff and offered $42,000.

18. Plaintiff requested the valuation of the medical bills that had been used by Defendant. Defendant denied this request.

19. On May 23, 2019, Defendant offered $49,000.

20. On May 31, 2019, Defendant extended its top offer of $52,000. This final amount reflected a total evaluation of $102,000, approximately $13,000 less than the medical bills Plaintiff incurred as a result of the collision.

21. Defendant did not indicate in any communication to Plaintiff that Defendant had the medical records and billing evaluated by a medical provider to determine the relatedness of the treatment to the subject crash or the propriety of the billing.

COMPLAINT FOR DAMAGES                                   Case No. _____

22.     Defendant did not indicate in any communication to Plaintiff that Defendat had any evidence from a medical provider of any kind indicating the medical care received by Plaintiff was not reasonable, necessary, and related to injury from the underlying motor vehicle collision.

23.     At no point in time has Defendant ever alleged that Plaintiff violated any term of the insurance contract, which violation would potentially obviate Defendant's obligation to honor said contract.

24.     At no point in time has Defendant indicated that Plaintiff was in any way responsible for the underlying motor vehicle collision.

25.     Plaintiff has had to hire an attorney to prosecute his claim, and has incurred and will continue to incur costs and attorney's fees in the prosecution of his claim

26.     Defendant  has failed to effectuate a prompt, fair, and equitable resolution of the UIM claim in compliance with the insurance contract.

27.     Defendant has violated California law, including Cal. Ins. Code 790, *et seq*.

### FIRST CAUSE OF ACTION
### BREACH OF UIM INSURANCE CONTRACT

28.     Plaintiff incorporates Paragraphs 1-27 as though fully set forth herein

29.     Plaintiff incorporates herein by reference all allegations within this Complaint and further alleges as follows:

30.     Plaintiff was injured and damaged during the motor vehicle collision identified above that was negligently caused by the operator of a vehicle, who was uninsured.

31.     Plaintiff had a contract of insurance with Defendant that was in full force and effect when the subject collision occurred.

32.     As part of that insurance contract, Defendant agreed to pay to Plaintiff, as its insured, uninsured motorist (UM) benefits if Plaintiff was injured and damaged in a collision when the negligent party had insufficient liability insurance to adequately pay compensation to Plaintiff for injuries and damages he was legally entitled to recover from the negligent party as sustained in the collision.

//

//

COMPLAINT FOR DAMAGES                                          Case No. _____

33.     Plaintiff was injured and damaged in the motor vehicle collision described above, and the negligent party has insufficient liability insurance to pay compensation to Plaintiff for injuries and damages he is legally entitled to recover from the negligent party as sustained in the motor vehicle collision.

34.     Defendant owed to Plaintiff a duty to act in good faith and fair dealing in evaluating this claim, but Defendant failed to satisfy that duty.

35.     Defendant did breach its contract with Plaintiff by refusing to pay to Plaintiff reasonable benefits owed to Plaintiff under the UM insurance contract and refusing to pay to Plaintiff a reasonable amount for his UM benefits.

### SECOND CAUSE OF ACTION IN THE ALTERNATIVE - BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

36.     Plaintiff incorporates Paragraphs 1-35 as though fully set forth herein.

37.     In every contract in the state of Nevada there is an implied covenant of good faith and fair dealing.

38.     The implied covenant of good faith and fair dealing protects the justifiable expectations of Plaintiff to receive benefits consistent with the spirit of the contract.

39.     Even if Defendant is found to have complied with the literal terms of the contract, Defendant's performance was not faithful to the spirit of the contract or to Plaintiff's reasonable expectations under the contract.

40.     Defendant breached this duty by acting unreasonably in the handling of Plaintiff's claim by disregarding all of Plaintiff's future care when there was no evidence the future care was not reasonable, necessary, and related to the underlying motor vehicle collision.

37.     At all times relevant hereto, Defendant JAMES RIVER INSURANCE owed a duty to Plaintiff to comply with its implied covenant of good faith and fair dealing, and to do nothing to injure the rights of Plaintiff to receive the benefits of the above-described policy of insurance.

41.     Defendant knew or reasonably should have known it had no reasonable basis to disregard medical bills and records when adjusting Plaintiff's claim.

COMPLAINT FOR DAMAGES                                      Case No. _____

42.     Defendant knew or reasonably should have known that its actions were not faithful to the spirit of the contract.

### THIRD CAUSE OF ACTION - 
### TORTIOUS BREACH OF THE COVENANT 
### OF GOOD FAITH AND FAIR DEALING (BAD FAITH)

43.     Plaintiff incorporates Paragraphs 1-42 as though fully set forth herein.

44.     Defendant owed a duty of good faith and fair dealing to Plaintiff.

45.     There was a special element of reliance between Plaintiff and Defendant where Defendant was in a superior or entrusted position.

46.     Defendant breached this duty by acting unreasonably in the handling of Plaintiff's claim by offering less than the total medical bills with no justification provided.

47.     Defendant breached this duty of good faith and fair dealing by disregarding all of Plaintiff's care and medical bills when Defendant had no evidence that that care was not reasonable, necessary, and related to the underlying motor vehicle collision.

48.     Defendant's disregard of the medical bills and records was done with an intent to deprive Plaintiff of benefits under the contract.

49.     Defendant's breach of this duty was tortious because it was oppressive, fraudulent, and/or malicious.

50.     Because Defendant's tortious breach of the covenant of good faith and fair dealing was oppressive, fraudulent, and/or malicious, Plaintiff is entitled to punitive and/or exemplary damages.

### FOURTH CAUSE OF ACTION - 
### VIOLATION OF CALIFORNIA INSURANCE CODE SECTION 790 - 
### UNFAIR PRACTICES IN SETTLING CLAIMS

51.     Plaintiff incorporates Paragraphs 1-50 as though fully set forth herein.

52.     At the time demand was made, Defendant's liability to Plaintiff was reasonably clear.

53.     Defendant failed to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim.

54.     Defendant's failure to effectuate a prompt, fair and equitable settlement of Plaintiff's claim was a violation of California Insurance Code Section 790.

COMPLAINT FOR DAMAGES                                    Case No. _____

55.     Defendant's violation of California Insurance Code Section 790 has damaged Plaintiff in an amount in excess of $75,000.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for relief and judgment against Defendant as follows:

1.     Compensatory damages in excess of $75,000, according to proof at trial;

2.     Interest from the time of service of this complaint.

3.     Punitive damages;

4.     Costs of suit and attorney fees; and

5.     For such other and further relief as the court may deem appropriate.

Dated this 7th day of November, 2019.

SHARP LAW CENTER

_____

A. J. Sharp, Esq. (Bar No.: 254857)
*Attorney for Plaintiff Timothy Tietjen, an individual*

COMPLAINT FOR DAMAGES                                        Case No. _____